# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50871
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD PATRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-20-6

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Chad Patrick, federal prisoner # 83959-180, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 782 of the Sentencing Guidelines. By moving to proceed IFP, Patrick is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50871

1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," as in this case, we may deny the IFP motion and dismiss the appeal sua sponte as frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The district court must first determine whether a prisoner is eligible for a reduction under U.S.S.G. § 1B1.10.  *Id.*  If the prisoner is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.

Patrick argues that the district court ignored the purpose of Amendment 782 and abused its discretion by denying his motion for reduction of sentence based on his prior criminal history.  However, the record shows that, in deciding that a reduction was not warranted, the district court gave due consideration to the motion and implicitly considered the appropriate factors, particularly the need to protect the public from further crimes, *see* § 3553(a)(2)(C), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," § 1B1.10, comment. (n.1(B)(i-ii)).  Thus, there was no abuse of discretion.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Under the circumstances, Patrick has not shown that he will raise a nonfrivolous issue on appeal.  *See Howard*, 707 F.2d at 220.  Accordingly, his

No. 15-50871

motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.